Joe MARTIN, Jr., Movant,

v.

KENTUCKY BAR
ASSOCIATION, Respondent.

No. 89–SC–549–KBA.

Supreme Court of Kentucky.

Sept. 7, 1989.

Joe Martin, Jr., Louisville, pro se.

Gardner L. Turner, Chairman Inquiry Tribunal, Raymond Clooney, Bar Counsel, Kentucky Bar Ass'n, Frankfort, for respondent.

## OPINION AND ORDER

STEPHENS, Chief Justice.

Pursuant to SCR 3.480(2), (3), Joe Martin, Jr. has moved this Court to permit him to resign from the Kentucky Bar Association under terms of disbarment. We agree and grant the motion.

On December 21, 1988, the Inquiry Tribunal of the Kentucky Bar Association filed a five-count charge against Martin alleging unethical and unprofessional conduct as follows:

That he neglected a legal matter entrusted to him in the handling of an estate; that he wrote checks payable to cash on the estate and made unsecured cash loans to another client; that he accepted a fee to appeal a decision and that he misrepresented the status of the appeal after the action had been dismissed; that he communicated directly with an adverse party on the subject of representation knowing that the adverse party was represented by counsel and without the consent of that counsel, and that he neglected a legal matter in the representation of a client in a dissolution proceeding. Subsequently, another charge was filed alleging that he engaged in the representation of a criminal defendant while he was under temporary suspension from the practice of law by this Court pursuant to order October 6, 1988.

Martin acknowledges that his conduct as alleged in the charges represents unethical and unprofessional conduct.

Martin shall not be permitted to engage in the practice of law in Kentucky pursuant to SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating his license. He shall not file an application for reinstatement for a period of five years from the date of this order granting his motion to resign. Notwithstanding the five year period mentioned above, he shall not file an application for reinstatement if there is any outstanding claim or judgment against him resulting from his practice of law prior to resignation. Such claims or judgments shall include any from the client's security fund of the Kentucky Bar Association.

Any application for reinstatement shall be governed by SCR 3.520 or any subsequent amendment thereto. The costs of the investigation initiated by the Inquiry Tribunal and all other disciplinary proceedings shall be paid by Martin in accordance with SCR 3.520(1) and SCR 3.480(3) and the investigation and disciplinary proceedings shall be terminated. Martin shall comply with the provisions of SCR 3.390 regarding notice to all courts in which he has matters pending. He shall also notify all clients in writing of his inability to continue to represent them and shall furnish photostated copies of the letters of notice to the Director of the Kentucky Bar Association.

All concur.